# United States Court of Appeals for the Fifth Circuit

_____

No. 22-50626
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MIGUEL VALDIVIA-GONZALEZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-38-1

_____

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Miguel Valdivia-Gonzalez appeals his conviction and sentence for illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(2).

In his sole issue on appeal, Valdivia-Gonzalez contends that § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum based on facts that were neither alleged in the

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50626

indictment nor found by a jury beyond a reasonable doubt.  He has filed an unopposed motion for summary disposition and a letter brief explaining that he has raised this issue only to preserve it for further review and conceding that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Valdivia-Gonzalez's motion is GRANTED, and the district court's judgment is AFFIRMED.